UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Estrellita Reyes, *on behalf of herself others similarly situated*, | ) ) ) |
| Plaintiff, | ) Case No. ) ) CLASS ACTION COMPLAINT ) |
| v. | ) Jury Trial Demanded ) |
| BCA Financial Services, Inc., | ) ) ) |
| Defendant. | ) |

**Nature of this Action**

1. Estrellita Reyes ("Plaintiff") bring this class action against BCA Financial Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

3. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiffs' action occurred, in part, in this district, and as Defendant transacts business in this district.

1

**Parties**

6. Plaintiff is natural person who at all relevant times resided in Tampa, Florida.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a corporation located in Miami, Florida.

9. Defendant "serve[s] the receivable management needs of healthcare, commercial, and retail sectors." http://www.bcafs.com/

10. Defendant "provides an array of customizable accounts receivable management solutions[.]" *Id.*

11. Defendant's "primary focus" is "to employ innovative technology and highly skilled personnel to maximize the return on clients' accounts receivable investment[.]" *Id.*

12. Defendant offers "access to tools and resources that would otherwise be cost prohibitive such as the latest predictive dialing technology [and] skiptracing databases[.]" http://www.bcafs.com/index.php?option=com_content&view=article&id=73&Itemid=82

13. Defendant's "capabilities are the result of extensive investment in technology, methodologies, and staffing made over a long period of time." *Id.*

14. Defendant touts its use of "Integrated Predictive dialing." http://www.bcafs.com/index.php?option=com_content&view=article&id=67&Itemid=62

15. Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, which it first obtained on July 27, 2010 and last renewed on July 27, 2016. https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245540500001

16. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### Factual Allegations

18. Sometime in 2016, Defendant began placing calls to Plaintiff's cellular telephone number—(813) 802-XXXX.

19. Defendant placed at least one call to Plaintiff's cellular telephone number on July 14, 2016, July 22, 2016, and August 1, 2016.

20. Defendant placed at least three calls to Plaintiff's cellular telephone number on August 4, 2016.

21. Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number.

22. Defendant placed some, if not all of its calls to Plaintiff's cellular telephone number, from (888) 277-8353.

23. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

24. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

25. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

26. On more than one occasion Plaintiff answered Defendant's calls to her cellular telephone number.

27. On more than one occasion Plaintiff informed Defendant that she was not the person it was attempting to reach by placing calls to her cellular telephone number.

28. Defendant placed its calls to Plaintiff's cellular telephone number in connection with its attempt to collect a consumer debt.

29. Defendant placed its calls to Plaintiff's cellular telephone number in an effort reach someone other than Plaintiff.

30. Plaintiff is not, nor was, one of Defendant's customers.

31. Plaintiff does not have, nor had, a business relationship with Defendant.

32. Plaintiff did not provide Defendant with her cellular telephone number.

33. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

34. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

35. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

36. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

37. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

38. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls to Plaintiff's cellular telephone number.

39. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

40. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

41. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

42. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

43. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

**Class Allegations**

44. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

> *TCPA class*: All persons and entities throughout the United States (1) to whom BCA Financial Services, Inc., placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.
>
> *FDCPA class*: All persons throughout the United States (1) to whom BCA Financial Services, Inc., placed, or caused to be placed, calls, (2) within the one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) where the person called by BCA Financial Services, Inc. was not the person alleged to owe the debt.

45. The proposed classes specifically exclude the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

46. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

6

47. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

48. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

49. In addition, the classes are ascertainable because, upon information and belief, cellular telephone numbers, names, and addresses of the members of the classes can be identified in business records maintained by Defendant and by third parties.

50. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

51. Plaintiff's claims are typical of the claims of the members of the classes.

52. As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

53. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

54. Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

55. Plaintiff suffered the same injuries as each of the members of the classes.

56. Plaintiff will fairly and adequately protect the interests of the members of the classes.

57. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

58. Plaintiff will vigorously pursue the claims of the members of the classes.

59. Plaintiff has retained counsel experienced and competent in class action litigation.

60. Plaintiff's counsel will vigorously pursue this matter.

61. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

62. Questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

63. Issues of law and fact common to all members of the classes are:

    a. Defendant's violations of the TCPA;

    b. Defendant's violations of the FDCPA;

    c. The existence of Defendant's identical conduct;

    d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    e. The availability of statutory penalties; and

    f. The availability of attorneys' fees and costs.

64. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

65. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

66. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

67. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

68. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

69. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

70. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

71. There will be little difficulty in the management of this action as a class action.

72. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

73. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-72.

74. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

### Count II
### Violation of 15 U.S.C. § 1692d

75. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-72.

76. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

77. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass her.

## Trial by Jury

78. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. §§ 1692d and 1692d(5);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

    i)   Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

    j)   Awarding such other and further relief as the Court may deem just and proper.

Date: September 23, 2016            */s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes