UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Estrellita Reyes, *on behalf of herself others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BCA Financial Services, Inc.,<br><br>Defendant. | Case No. 1:16-cv-24077-Goodman |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

**Introduction**

BCA Financial Services, Inc. ("Defendant") does not meaningfully dispute that it violated the Telephone Consumer Protection Act ("TCPA") when it placed six autodialed calls to Estrellita Vazquez's ("Plaintiff") cellular telephone number without her prior express consent. As a result, this Court should enter judgment in Plaintiff's favor.

Instead, Defendant contends that this Court should not treble the statutory damages to which Plaintiff is entitled because its violations of the TCPA were unintentional. But because Defendant knowingly and purposefully placed the calls at issue via an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice without undertaking any effort to first confirm the accuracy of the telephone number it dialed—all with full knowledge of the TCPA's prohibitions—treble damages are appropriate. That is, Defendant's head-in-the-sand approach to TCPA compliance—whereby it first autodials consumers without undertaking any effort to verify the accuracy of the numbers it calls, and then shifts the burden to the called party to inform Defendant that it is calling the wrong number—constitutes reckless disregard for the TCPA's

prohibitions worthy of trebling damages. At minimum, whether Defendant's TCPA violations warrant the trebling of statutory damages should be reserved for the jury.[1]

## Reply Argument

**I. Defendant concedes that it used a predictive dialer to place six calls to Plaintiff's cellular telephone number without prior express consent, and that it utilized an artificial or prerecorded voice during at least two of those calls.**

Defendant concedes that it placed six calls to Plaintiff's cellular telephone number. *See* Disputed or Undisputed Facts from Plaintiff's Statement of Facts, ECF No. 93, at ¶¶ 13-14. It also admits that it utilized its Noble dialer to place the calls, *id*. at ¶¶ 15-16, that at least two of the calls included an artificial or prerecorded voice message, *id*. at ¶¶ 17-18, and that its Noble dialer is a predictive dialer that "automatically dials telephone numbers without human intervention." *Id*. at ¶¶ 19-20. Finally, Defendant admits that it did not have Plaintiff's prior express consent to place any of the calls at issue to her. *Id*. at ¶¶ 5-7, 10; *see also* ECF No. 92 at 4-5.

Because Defendant placed six calls to Plaintiff's cellular telephone number via an ATDS without prior express consent, including two with an artificial or prerecorded voice, this Court should grant judgment in Plaintiff's favor.

**II. A predictive dialer is an ATDS under the TCPA; regardless, Defendant utilized an artificial or prerecorded voice, which separately violates the TCPA.**

Defendant devotes nearly five pages of its response to discussing the definition of an ATDS under the TCPA. ECF. No. 92 at 5-9. In so doing, it concedes—as it must—that the Federal

---

[1] Defendant incorrectly states that, "[i]n her Complaint, Plaintiff seeks statutory damages as well as actual damages for emotional distress and the loss of minutes paid for on her cellular plan." ECF No. 92 at 1. To be clear, Plaintiff seeks only statutory damages, not actual damages. Indeed, through her complaint Plaintiff makes absolutely no reference to seeking actual damages for emotional distress. *See generally* ECF No. 1. Rather, while Plaintiff pleads that she suffered actual harm as a result of Defendant's violations of the TCPA, which amounted to an "invasion of privacy, an intrusion into her life, and a private nuisance," ECF No. 1, ¶ 40, she seeks only statutory damages as allowed under the TCPA. 47 U.S.C. § 227(b)(3).

Communications Commission ("FCC") has repeatedly held that a predictive dialer is an ATDS. *Id.* at 7-9. And Defendant also acknowledges that "this Court is bound by those rulings under the Hobbs Act." *Id.* at 6. Thus, there is no dispute that Defendant placed the calls at issue to Plaintiff's cellular telephone number via an ATDS, and summary judgment is appropriate.

But even if a predictive dialer did not constitute an ATDS—it unquestionably does—Defendant separately violated the TCPA by utilizing an artificial or prerecorded voice on at least two of the calls it placed to Plaintiff's cellular telephone number. *See* Disputed or Undisputed Facts from Plaintiff's Statement of Facts, ECF No. 93 at ¶ 17 (admitting that during the relevant time period Defendant used an IVR capability of its Noble dialer whereby individuals who answered a call from Defendant were greeted with an automated prompt to press a key if they were the person Defendant was looking for, and to press a different key if Defendant reached a wrong number); ¶ 18 (admitting that at least two of Defendant's calls to Plaintiff's cellular telephone number were accompanied by an artificial or prerecorded voice message); ¶ 21 (admitting that when Plaintiff received one of Defendant's IVR messages—a computer-generated artificial or prerecorded message to the effect of: If this is Jane Doe, press 1; "if this is a wrong number," press 2—Plaintiff pressed 2, resulting in a B flag (designating wrong number) in Defendant's computer system).[2]

Accordingly, and as Defendant concedes, that it utilized an artificial or prerecorded voice separately entitles Plaintiff to judgment in her favor. *See* ECF No. 92 at 5 ("To succeed on his [sic]

---

[2] Despite its admissions and uncontroverted testimony, Defendant puzzlingly states in its opposition that "there is no evidence to support Plaintiff's allegation that BCA placed calls to Plaintiff's cellular phone using an ATDS or artificial or prerecorded voice." ECF No. 92 at 6. Yet at the same time, Defendant concedes that it utilized a predictive dialer and an artificial or prerecorded voice to place the calls at issue. *See* Disputed or Undisputed Facts from Plaintiff's Statement of Facts, ECF No. 93 at ¶¶ 13-21; *see also* ECF No. 86-1 at ¶¶ 13-21. Thus, Defendant's unsupported denial—in the face of its contrary admissions and the record evidence—is unfounded.

3

TCPA claim, Plaintiff must establish that Defendant placed calls to her cellular phone using an ATDS or artificial or prerecorded voice.").[3]

### III. Defendant does not dispute that Plaintiff is entitled to recover separately for each of its violations of the TCPA.

As Plaintiff explained in her opening brief, the TCPA mandates an award of $500 in statutory damages for each violation of the law, and one call (such as one made via an ATDS and that utilized an artificial or prerecorded voice) can result in multiple violations. *See* ECF No. 86 at 8-9 (citing *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1105 (11th Cir. 2015) ("In plain terms, the statute allows a person to recover '$500 in damages for each' 'violation of this subsection.' Section 227(b)(1) has no language limiting the recovery to $500 per 'call' or 'fax.'") (internal citations omitted); *Burns v. Halsted Fin. Services, LLC*, No. 1:15-cv-4287-LMM-JKL, 2016 WL 5417218, at *5 (N.D. Ga. Sept. 14, 2016) ("Although Plaintiff complains that he received two telephone calls from Defendant, he has identified four distinct violations of the TCPA—two for each call. In particular, each call used an automatic telephone dialing system and used an artificial or prerecorded message. At $500 per violation, Plaintiff is entitled to a total award of $2,000 in statutory damages under the TCPA.") (citing *Lary*, 780 F.3d at 1106 ("recognizing that one call can trigger multiple violations of the TCPA")).

---

[3] Defendant's reference to the appeal before the D.C. Circuit in *ACA Int'l., et al. v. FCC & USA*, No. 15-1211, is misplaced. ECF No. 92 at 7-9. That is, the issue Defendant points to before the D.C. Circuit—whether the FCC correctly found that a dialing system must only have the capacity to be used as an ATDS or a predictive dialer, and not that it actually be used as a predictive dialer when making the calls at issue—is irrelevant here. *See id*. at 8 (discussing "[t]he importance of 'present capacity' under the TCPA"). That is because Defendant admits it used its dialer's predictive functionality to place the calls at issue to Plaintiff's cellular telephone number. *See* Disputed or Undisputed Facts from Plaintiff's Statement of Facts, ECF No. 93, at ¶¶ 13-21. Regardless, and as Defendant correctly notes, unless and until the FCC's guidance is disturbed on appeal, "this Court is bound by those rulings under the Hobbs Act." ECF No. 92 at 6.

In its response, Defendant does not contest *Lary's* holding or otherwise suggest that one call can only give rise to one violation of the TCPA. Therefore, given the eight separate violations of the TCPA at issue here (stemming from six calls made with an ATDS and two that included an artificial or prerecorded voice), this Court should award $4,000 in statutory damages to Plaintiff.

**IV.    This Court should treble the statutory damage award or, at minimum, reserve the issue for the jury.**

Essentially conceding liability under the TCPA, Defendant asks this Court not to treble the mandatory award of statutory damages of $500 per violation. ECF No. 92 at 9-14. The gravamen of Defendant's position is that it did not purposefully violate the TCPA because it blindly relied on the records supplied by its client, and it maintains policies and procedures aimed at TCPA compliance.

To be clear, Plaintiff does not suggest that Defendant acted with the specific intent to willfully or purposefully violate the TCPA when it placed each of its calls to Plaintiff's cellular telephone number. But that is not the standard for an award of treble damages. To the contrary, "the intent for treble damages [under the TCPA] does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 553 (2011); *accord Sengenberger v. Credit Control Servs., Inc.*, No. 09C2796, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010) (holding that the defendants "knowingly and willfully made the phone calls," based upon nothing more than a finding that they "intentionally made the contested phone calls to Plaintiff"), *adhered to on reconsideration*, 2010 WL 6373008 (N.D. Ill. June 17, 2010).

Here, Defendant acted with reckless disregard for TCPA compliance, despite being fully aware of the TCPA's prohibitions. While Defendant explains that it provides compliance training to its account representatives and strives not to call consumers *after* they inform Defendant that is

5

calling the wrong number, *see* ECF No. 92 at 10-13, Defendant does nothing to confirm the accuracy of the phone numbers provided to it by its clients *before* autodialing, and does not first manually dial telephone numbers to verify the numbers belong to the intended recipient. *See* Disputed or Undisputed Facts from Plaintiff's Statement of Facts, ECF No. 93, at ¶¶ 11-12 (Q. That's it. So it's true that from 2014 through today BCA's policy and procedure, rather, is that it does not manually dial a telephone number it receives from a creditor before auto dialing it to make sure that the person who answers the phone is the intended recipient? A. Correct.).

Instead, Defendant adopted a shoot first, ask questions later approach whereby it impermissibly shifted the burden to Plaintiff to notify Defendant—in response to a prerecorded call from Defendant that itself violated the TCPA—that it was calling the wrong person. That is, rather than undertake efforts to confirm it was calling the right person *before* autodialing Plaintiff's cellular telephone number, Defendant chose to autodial Plaintiff and play a computer-generated, prerecorded message to the effect of: If this is Jane Doe, press 1; if this is a wrong number, press 2. Disputed or Undisputed Facts from Plaintiff's Statement of Facts, ECF No. 93 at ¶ 21; ECF No. 86-1, ¶ 21. Plaintiff pressed 2, resulting in a B flag (designating wrong number) in Defendant's computer system, which finally caused Defendant's calls to stop. *Id*. Had Plaintiff not so informed Defendant that it was calling the wrong person, Defendant's robocalls would have continued.

Importantly, Defendant acknowledges that it utilized the same prerecorded voice message when calling over 300,000 unique cellular telephone numbers during a six-month period,[4] which asked the call recipient to inform Defendant as to whether Defendant reached the right person.

---

[4] "During the course of discovery, Defendant identified a 'list' of unique telephone numbers called by BCA between April 1, 2016 and September 23, 2016. This list of unique numbers of approximately 301,000 numbers that had been called (or attempted to be called) with prerecorded messages on behalf of BCA during this time period." ECF No. 90 at 2.

That Defendant asked hundreds of thousands of consumers to inform it as to whether it was calling the wrong number strongly indicates that Defendant was well aware that it likely was calling a host of wrong numbers. And despite being so aware, Defendant did nothing to affirmatively confirm the accuracy of the numbers it called before autodialing. This warrants the trebling of damages or, at minimum, reserving the question for the jury.

## Conclusion

There is no dispute that Defendant utilized a predictive dialer to place six calls to Plaintiff's cellular telephone number without her prior express consent, and that Defendant played an artificial or prerecorded voice message during at least two of those calls. These eight violations of the TCPA mandate the entry of judgment in Plaintiff's favor, and a minimum award of $4,000 in statutory damages ($500 for each violation). Additionally, Defendant's violations of the TCPA warrant the trebling of statutory damages.

Dated: March 2, 2018          */s/ Aaron D. Radbil*
                              Aaron D. Radbil
                              Greenwald Davidson Radbil PLLC
                              106 East Sixth Street, Suite 913
                              Austin, Texas 78701
                              Tel: (512) 322-3912
                              Fax: (561) 961-5684
                              aradbil@gdrlawfirm.com

                              Michael L. Greenwald
                              James L. Davidson
                              Jesse S. Johnson
                              Greenwald Davidson Radbil PLLC
                              5550 Glades Road, Suite 500
                              Boca Raton, Florida 33431
                              Tel: (561) 826-5477
                              Fax: (561) 961-5684
                              mgreenwald@gdrlawfirm.com
                              jdavidson@gdrlawfirm.com
                              jjohnson@gdrlawfirm.com

                              *Counsel for Plaintiff and the proposed class*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on March 2, 2018, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Aaron D. Radbil*
Aaron D. Radbil