# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| Estrellita Reyes, *on behalf of herself and others similarly situated*, </br></br>　　　　Plaintiff, </br></br>v. </br></br>BCA Financial Services, Inc., </br></br>　　　　Defendant. | Case No. 1:16-cv-24077-Goodman </br>(Consent case) |

**PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.  **This Court is bound by the FCC's 2003 and 2008 rulings that a predictive dialer—which Defendant admits it used to place the calls in question—is an ATDS.**

Defendant suggests that the D.C. Circuit, through its opinion in *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018), "set aside the FCC's interpretation of what equipment falls within the TCPA's restrictions." Doc. 119 at 2. Defendant's characterization is, however, an overstatement. In reality, the D.C. Circuit set aside only the FCC's 2015 efforts to clarify what equipment constitutes an ATDS:

> In this case, a number of regulated entities seek review of a 2015 order in which the [FCC] sought to clarify various aspects of the TCPA's general bar against using automated dialing devices to make uninvited calls. The challenges encompass four issues addressed by the agency's order: (i) which sorts of automated dialing equipment are subject to the TCPA's restrictions on unconsented calls; . . . *** We set aside, however, the [FCC's] effort to clarify the types of calling equipment that fall within the TCPA's restrictions.

*ACA Int'l*, 885 F.3d at 691-92.

To be sure, in explaining the standard against which it issued its opinion, the D.C. Circuit took care to narrow the reach of its decision to the FCC's 2015 order:

> Under the Administrative Procedure Act, we assess whether the [FCC's] challenged actions in its 2015 order were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *** Applying those standards to petitioners' four sets of challenges to the [FCC'S] 2015 Declaratory Ruling, we set aside the [FCC's] explanation of which devices qualify as an ATDS[.]

*ACA Int'l*, 885 F.3d at 694-95.

Significant, then, is that in 2003, and again in 2008, the FCC determined that a predictive dialer is an ATDS for purposes of the TCPA. *See* Doc. 114 at 2-4 (outlining portions of the FCC's 2003 and 2008 orders). And because the FCC's 2003 and 2008 orders were not appealed under the Hobbs Act, and since jurisdiction of the D.C. Circuit to vacate the 2003 and 2008 orders lapsed at the end of the sixty-day timeframe to file such an appeal, *see* 28 U.S.C. § 2344, they currently bind this Court. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015)

1

("If the Hobbs Act applies, a district court must afford FCC final orders deference and may only consider whether the alleged action violates FCC rules or regulations."); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1119-20 (11th Cir. 2014) ("By refusing to enforce the FCC's interpretation, the district court exceeded its power. *** [T]he district court lacked jurisdiction to enjoin, set aside, annul, or suspend [the FCC's 2008 order]—precisely what the court did.") (internal quotation omitted); *Self v. Bellsouth Mobility, Inc.*, 700 F.3d 453, 461 (11th Cir. 2012) (noting that "district courts cannot determine the validity of FCC orders," and explaining that "28 U.S.C. § 2342 vests exclusive jurisdiction in the courts of appeals to determine the validity of all final orders of the [FCC].") (internal quotation omitted). Defendant, of course, acknowledges as much. *See* Doc. 92 at 6-7 (referencing the FCC's 2003 and 2008 orders, and stating that "[s]ince the statute's passage in 1991, the FCC has issued regulations expanding the statutory definition of an ATDS, and this Court is bound by those rulings under the Hobbs Act").[1]

And since the D.C. Circuit issued its decision in *ACA Int'l*, at least one Florida district court confirmed that a predictive dialer, "which make calls from a list of numbers fed into the device," is an ATDS. *See France v. Ditech Fin., LLC*, No. 8:17-cv-03038-SCB-MAP, Doc. 20 at 15 (M.D. Fla. Apr. 6, 2018) (citing *Mais*, 768 F.3d at 1114, for the proposition that "the FCC has interpreted the statutory definition of an ATDS to include predictive dialers, which make calls from a list of numbers fed into the device").

Consequently, because Defendant admits to having used a predictive dialer to place the calls at issue—*see* Doc. 92 at 9 (agreeing that it is "factually undisputed and determined that the

---

[1]  As an aside, in discussing the definition of an ATDS, the D.C. Circuit referenced the FCC's 2003 and 2008 orders only in rejecting the FCC's contention that its 2015 clarifications were unreviewable because they were based on previous, un-appealed interpretations. *See ACA Int'l*, 885 F.3d at 701 (stating that "[t]he [2015] ruling is thus reviewable").

Noble Dialer is a predictive dialer"); Doc. 93 at 6, ¶ 16 ("Defendant does not dispute the factual allegations contained in this paragraph to the extent that the Noble Dialer is a predictive dialer . . . .")—this Court should reject Defendant's contention that its dialer does not meet the statutory definition of an ATDS. *See* Doc. 119 at 5.

## II. Notwithstanding the FCC's 2003 and 2008 rulings that a predictive dialer is an ATDS, courts have independently found dialers like Defendant's to be ATDSs.

In *Daubert v. NRA Grp., LLC*, considering facts very similar to those now before this Court—*compare*, 861 F.3d 382, 387-88 (3d Cir. 2017) (Q. Is a human being involved in the placement of any phone calls made on the dialer, with the exception of creating a campaign? A. I—I don't know. I don't think there's any other way to—no. The dialer does the dialing. Q. Okay. So a human being selects the campaign criteria but then the dialer actually places the phone call? A. Correct."), *with* Doc. 86-1 at 5 ¶ 20 ("the Noble dialer, as Defendant uses it, automatically dials telephone numbers without human intervention") *and* Doc. 93 at 6, ¶ 20 ("Defendant does not dispute the factual allegations contained in this paragraph.")—the Third Circuit, without reference to the FCC's 2003, 2008, or 2015 rulings regarding the definition of an ATDS, affirmed the district court's finding that the dialer at issue was an ATDS. *See Daubert*, 861 F.3d at 391-93 (focusing on the defendant's testimony that the subject dialer lacked the need for human intervention).

In the same spirit, prior to the FCC's 2015 ruling, the Northern District of Alabama wrote:

> The TCPA, at least before the wordy analysis of lawyers, courts, and agencies gets to it, simply prohibits "automatic" dialing. There is no need for deeply technical interpretations, such as the telemarketers' "predictive dialer" argument before the FCC, or for deeply hypothetical interpretations, such as plaintiff's argument before this court. If equipment automatically dials numbers, it cannot be used to call cell phones. If it cannot do so, the restriction does not apply.

*Hunt v. 21st Mortgage Corp.*, No. 1:12-cv-02697-LSC, Doc. 42 (N.D. Ala. Oct. 28, 2013).

3

Important, given these opinions and others like them, is that Defendant concedes it "does not make manual calls . . . rather; it makes all outbound calls through automated technology." *See* Doc. 59 at 3. That is, Defendant's "FACS system creates a list of telephone numbers, transmits the list to the Noble dialer, and the Noble dialer then makes automated calls to the numbers included in the list absent human intervention." *Id*. at 4.[2] Defendant's dialer is accordingly an ATDS.

### III. Even if Defendant's dialer is not an ATDS—it is—Defendant remains liable for prerecorded messages it delivered.

Defendant admits that it delivered prerecorded messages to Plaintiff's cellular telephone number. *Compare* Doc. 86-1 at 5, ¶ 18 ("At least two of Defendant's calls to Plaintiff's cellular telephone number were accompanied by an artificial or prerecorded voice message."), *with* Doc. 93 at 6, ¶ 18 ("Defendant does not dispute the factual allegations contained in this paragraph.").

Similarly, Defendant concedes that Plaintiff navigated voice prompts accompanying one of Defendant's prerecorded messages, and pressed a key indicating that Defendant reached a wrong number, which resulted in Defendant's system automatically associating a B flag with Plaintiff's cellular telephone number. *Compare* Doc. 86-1, ¶ 21 ("When Plaintiff received one of Defendant's IVR messages—a computer-generated artificial or prerecorded message to the effect of: If this is Jane Doe, press 1; 'if this is a wrong number,' press 2—Plaintiff pressed 2, resulting

---

[2]   The lack of human intervention required to operate Defendant's dialer takes away from Defendant's reliance on the District of Nevada's opinion in *Marshall v. CBE Grp., Inc.*, No. 216CV02406GMNNJK, 2018 WL 1567852, at *7 (D. Nev. Mar. 30, 2018). There, against the backdrop of its reference to case law suggesting that "point-and-click dialing systems, paired with a cloud-based pass-through services, do not constitute an ATDS as a matter of law in light of the clicker agent's human intervention," the court held that "to the extent the FCC's previous orders remain intact, the human intervention element weighs in favor of a finding that the MCA, in conjunction with LiveVox, is not an ATDS." *Id*. at *7. And to the extent that the opinion in *Marshall* can be read as accepting the argument that the D.C. Circuit, in *ACA Int'l,* vacated the FCC's 2003 and 2008 rulings that a predictive dialer is an ATDS, such a reading conflicts with Eleventh Circuit precedent addressing the binding nature of valid agency rulings and orders.

in a B flag (designating wrong number) in Defendant's computer system."), *with* Doc. 93 at 6, ¶ 21 ("Defendant does not dispute the factual allegations contained in this paragraph.").

So, without more, Defendant's request that this Court deny Plaintiff's motion for summary judgment necessarily fails. Because even if Defendant's dialer is not an ATDS—it is—the TCPA at section 227(b)(1)(A)(iii) prohibits not only the use of an ATDS, but also the delivery of prerecorded messages to cellular telephone numbers absent consent.

### IV. Plaintiff did not raise a new claim at the summary judgment stage.

Without explicitly arguing that Plaintiff has raised a new claim since she filed her class action complaint, Defendant insinuates—by way of citations to two cases explaining that a party may not raise a new claim in response to a motion for summary judgment—that Plaintiff improperly changed her theory of this case at the summary judgment stage. *See* Doc. 119 at 6. But from day one, Plaintiff's claim against Defendant under the TCPA has remained the same: that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), which states that "[i]t shall be unlawful for any person . . . to make any call [absent consent] using any automatic telephone dialing system or an artificial or prerecorded voice[.]". *See, e.g.*, Doc. 1 at ¶ 78 ("WHEREFORE, Plaintiff prays for relief and judgment, as follows: . . . Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii)[.]"). Also of note, Plaintiff's original class definition included persons to whose cellular telephone numbers Defendant placed calls "by using an automatic telephone dialing system or an artificial or prerecorded voice." Doc. 1 at 6, ¶ 44.[3]

---

[3] Plaintiff objects to Defendant's submission of the Simpson and Kinggard declarations, as the information included in them is responsive to discovery requests Plaintiff served on Defendant, but was not provided to Plaintiff before discovery in this matter closed. To be sure, non-expert fact discovery closed in December 2017—four months ago—and Defendant did not provide the declarations to Plaintiff until they were filed with the Court.

Dated: April 23, 2018 */s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on April 23, 2018, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Aaron D. Radbil*
Aaron D. Radbil