**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| Estrellita Reyes, *on behalf of herself and others similarly situated*, ) ) ) | Case No. 1:16-cv-24077-Goodman (Consent case) |
| Plaintiff, ) ) | |
| v. ) ) | |
| BCA Financial Services, Inc., ) ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

**Introduction**

Defendant "recognizes a defendant can waive the applicability of the one-way intervention doctrine" by seeking summary judgment on its behalf prior to a court's ruling on class certification. Doc. 139 at 3 n.3. Yet, despite its unabashed statements that "BCA has not . . . requested the Court enter summary judgment in its favor," and that "BCA requested only that the Court deny Plaintiff summary judgment," *id.*, Defendant—prior to this Court's ruling on class certification—specifically requested that this Court enter summary judgment in its favor:

> Therefore, the Court's Order on Plaintiff's Motion for Summary Judgment must be reconsidered and vacated, *and summary judgment entered in favor of BCA consistent with ACA Int'l*.
>
> WHEREFORE, Defendant BCA FINANCIAL SERVICES, INC., respectfully request [sic] an Order from this Honorable Court reconsidering its Order on Plaintiff's Motion for Summary Judgment (DE 124), vacating the Order, *and entering summary judgment in favor of Defendant*.

Doc. 125 at 18 (emphasis added).

Consequently, by seeking judgment in its favor prior to a ruling on class certification, Defendant waived its right to any protection possibly afforded by the one-way intervention doctrine.

But even if it had not waived such protection, Defendant's argument regarding the one-way intervention doctrine's applicability to these proceedings is fatally flawed both as a matter of law and fact. As a matter of law, Defendant's unqualified statement that there exists in Rule 23 a "requirement that class certification be determined prior to a decision on the merits," Doc. 139 at 6, is simply false. Quite contrary, "[n]either Fed. R. Civ. P. 23 nor due process necessarily requires that the district court rule on class certification before granting or denying a motion for summary judgment." *Wright v. Schock*, 742 F.2d 541, 545 (9th Cir. 1984). Indeed, the Eleventh Circuit noted that it is "within the court's discretion to consider the merits of the claims before their amenability to class certification." *Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209, 1211 (11th Cir. 2005).

As a matter of fact, Defendant's statements that "class members have no risk exposure regardless of whether they decide to remain in the class or opt out," and that "[t]hose choosing to remain in the class are guaranteed a favorable result based on the Court's prior determination of the merits," Doc. 139 at 6, are not true. In short, this Court granted Plaintiff's motion for summary judgment only as to her individual TCPA claim, not as to class members' claims. *See* Doc. 124 at 3, 5 n.1. And in doing so, this Court referenced Defendant's right to contest class members' claims at trial. Doc. 134 at 38.

So in the end, damages have not been awarded to class members, judgment has not been entered in favor of class members, and a trial on class members' claims has not yet taken place. As well, Defendant will have the opportunity not only to contest class members' claims during the yet-to-be held trial, but also to subsequently challenge individual claims to class membership in

the event of a finding of class-wide liability. And, class members will have to decide whether to remain part of this matter well before their claims are tried. As a result, the prejudice that the one-way intervention doctrine is intended to alleviate is not implicated here. And even if it were—it is not—proper notice to class members can alleviate such prejudice.

As for Defendant's remaining arguments, Defendant presents neither an intervening change in controlling law, nor new evidence, to support its request that this Court revisit its decision to grant Plaintiff's motion for class certification. Instead, Defendant simply asks this Court to accept what it already specifically rejected. This Court, therefore, should reject Defendant's attempt to advance arguments that this Court already considered and refused.

**Summary of Relevant Procedure**

On November 17, 2017, and in line with this Court's scheduling order, *see* Doc. 30 at 5, Plaintiff filed her motion for class certification. Doc. 59. Nearly three months later, and on the deadline to do so, *see* Doc. 30 at 5, Plaintiff filed her motion for summary judgment as to her individual TCPA claim. Doc. 89. Thereafter—and before this Court ruled on Plaintiff's motion for class certification—Defendant submitted six separate filings regarding the merits of Plaintiff's claims, none of which included a suggestion that this Court should rule on class certification before it ruled on Plaintiff's motion for summary judgment. *See* Docs. 92, 101, 113, 119, 125, 129.

On May 14, 2018, this Court entered an order granting in part, and denying in part, Plaintiff's motion for summary judgment. Doc. 124 at 4. Through its order, this Court initially noted that Plaintiff moved for summary judgment only "on her individual TCPA claim." *Id*. at 3. It later explained in more detail:

> Reyes has moved for class certification, and the issue is fully briefed. [ECF Nos. 59; 82; 94]. The summary judgment motion, however, deals only with her individual claim. Moreover, it concerns threshold issues that may impact the class,

3

if it is certified. Therefore, the Court deems it prudent to rule on the summary judgment motion first.

*Id*. at 5 n.1.

Subsequently—and also before this Court ruled on Plaintiff's motion for class certification—Defendant filed its motion to reconsider this Court's ruling on Plaintiff's motion for summary judgment. Doc. 125. Through its motion Defendant specifically requested that this Court enter judgment in its favor:

> Therefore, the Court's Order on Plaintiff's Motion for Summary Judgment must be reconsidered and vacated, *and summary judgment entered in favor of BCA consistent with ACA Int'l.*
>
> WHEREFORE, Defendant BCA FINANCIAL SERVICES, INC., respectfully request [sic] an Order from this Honorable Court reconsidering its Order on Plaintiff's Motion for Summary Judgment (DE 124), vacating the Order, *and entering summary judgment in favor of Defendant*.

Doc. 125 at 18 (emphasis added).

Later—and still before this Court ruled on Plaintiff's motion for class certification—Defendant filed a motion seeking leave to file an interlocutory appeal. Doc. 129. Through its twenty pages Defendant again chose not to contest the timing of this Court's summary judgment ruling. *See id*.

On June 26, 2018, this Court entered an order granting, in part, Plaintiff's motion for class certification. Doc. 134. Through its order this Court reiterated that "[b]ecause it concerned several threshold issues, the Court took up the summary judgment motion first, granting it in part and denying it in part. [ECF No. 124]." *Id*. at 7. Then, and consistent with its previous statement that Plaintiff's motion for summary judgment "deals only with her individual claim," Doc. 124 at 5 n.1, this Court referenced Defendant's right to contest class members' claims at trial:

> In its opposition response, BCA argues that "[t]he persons whom BCA attempted to reach through the subject calls *presumptively* gave their consent by providing

4

>their telephone numbers to the creditor." [ECF No. 82, p. 17 (emphasis added)]. Given that BCA maintains that it "only dials telephone numbers provided by patients" to its healthcare companies [ECF No. 82, p. 3], then, at trial, BCA will likely argue that it had consent to call *all* such patients.

Doc. 134 at 38.

In the same vein, and with reference to Defendant's argument that if this Court certified the then-proposed class that class members "would receive a multi-million dollar judgment that would ruin BCA," Doc. 82 at 18-19, this Court noted that it had not made a damage award, much less one applicable to class members: "Moreover, the potential damages are a speculative matter, which should be addressed on another day." Doc. 134 at 41-42.

## Argument

**I. Defendant's one-way intervention-related argument is without merit.**

**A. Defendant waived its right to any protections possibly afforded by the one-way intervention doctrine.**

"[A] defendant can waive any objection to a decision on the merits prior to, or simultaneous with, a decision on class certification." *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 45 (W.D.N.Y. 2009).[1] "Such a waiver may be express . . . or implied, such as where the defendant moves for summary judgment prior to class certification." *Id*. (collecting cases). Defendant, in fact, acknowledges as much: "BCA recognizes a defendant can waive the applicability of the one-way intervention doctrine by filing its own motion for summary judgment. *See, Mais v. Gulf Coast Collection Bureau, Inc*., 944 F. Supp. 2d 1226, 1232 (S.D. Fla. 2013) *rev'd in part*, 768 F.3d 1110 (11th Cir. 2014)." Doc. 139 at 3 n.3.

---

[1] Unless otherwise indicated, internal citations and references are omitted.

Explaining the concept of waiver as it applies to the one-way intervention doctrine—in terms of policy justifications for pre-judgment certification and their absence when a defendant seeks an early decision on the merits—the D.C. Circuit wrote:

> Other courts have expressly held that a defendant may waive the protections Rule 23(c) offers and elect to have the merits decided before the class certification question and before notice is sent to the class when, as here, the defendant moves for summary judgment before resolution of the certification issue. . . .
>
> We find the reasoning of those opinions instructive. The *Haas* court noted, for example, that the strongest argument for construing *Eisen* to preclude post-judgment class certification is that pre-judgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, "the defendants . . . assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between them and the prospective onrush of litigants."

*Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1382-83 (D.C. Cir. 1980); *accord Smith v. Network Sols., Inc.*, 135 F. Supp. 2d 1159, 1165 (N.D. Ala. 2001) ("When a defendant moves for summary judgment prior to class certification, the defendant is assuming the risk of stare decisis protection rather than the protection of res judicata[.]"), *aff'd sub nom. Smith v. Network Sols.*, 29 F. App'x 575 (11th Cir. 2001); *Thornton v. Mercantile Stores Co.*, 13 F. Supp. 2d 1282, 1290 (M.D. Ala. 1998) ("Where the defendant seeks summary judgment knowing of the possibility that other plaintiffs will enter the case and not be bound thereby, it is not for the plaintiffs or the court to deter them from assuming that risk.").

Given as much, "numerous courts have extended the [waiver] exception beyond the purely consensual situation . . . to include instances where defendants implicitly waive the protections of the rule against one-way intervention by attempting to obtain a favorable decision on the merits." *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-CV-04321-NKL, 2014 WL 1955107, at *2 (W.D. Mo. May 14, 2014); *accord Ahne v. Allis-Chalmers Corp.*, 102 F.R.D. 147, 151 (E.D. Wis.

6

1984) ("the courts have carved out a limited exception for those defendants willing to forego the protections attendant on early determination of the class issue").

Here—and directly contrary to Defendant's statement that "*BCA has not . . . requested the Court enter summary judgment in its favor. Instead, BCA requested only that the Court deny Plaintiff summary judgment*," Doc. 139 at n.3 (emphasis added)—Defendant specifically requested that this Court enter judgment in its favor prior to this Court's ruling on class certification:

> Therefore, the Court's Order on Plaintiff's Motion for Summary Judgment must be reconsidered and vacated, *and summary judgment entered in favor of BCA consistent with ACA Int'l.*
>
> WHEREFORE, Defendant BCA FINANCIAL SERVICES, INC., respectfully request [sic] an Order from this Honorable Court reconsidering its Order on Plaintiff's Motion for Summary Judgment (DE 124), vacating the Order, *and entering summary judgment in favor of Defendant*.

Doc. 125 at 18 (emphasis added).

As such, Defendant waived its right to argue that the one-way intervention doctrine precluded this Court's ruling on class certification.

Notably, the same would be true even if Defendant had not explicitly asked this Court to enter summary judgment in its favor—which, albeit, is an academic point, as Defendant did precisely that. This is, in part, because in addition to seeking a merit-based decision prior to class certification, a defendant can also waive its right to argue that class certification should be decided before dispositive motions where, for instance, it fails to "object[] to []or raise[] concerns about [a] court's consideration of defendant's motion to dismiss before deciding the issue of class certification." *Caraluzzi v. Prudential Secs., Inc.*, 824 F. Supp. 1206, 1210 (N.D. Ill. 1993); *see also Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV13-5693 PSG (GJSX), 2016 WL 6953462, at *4 (C.D. Cal. June 16, 2016) ("Defendant waived the protections of the one-

way intervention rule by requesting early summary judgment briefing and consenting to litigating Plaintiff's motion for summary judgment before the certification stage."); *accord Hyman v. First Union Corp.*, 982 F. Supp. 8, 11 (D.D.C. 1997) (finding waiver where "both parties cooperated with th[e] court, without raising any objections or concerns, so that the summary judgment papers would be ripe at the same time the court would be considering the class certification issues"). In other words, a defendant waives its right to argue that prejudgment notice was required where it "s[its] on [its] hands hoping to obtain a favorable judgment on the merits" and only after a merit-based ruling complains about one-way intervention:

> In the context of the current case, the logic of the waiver (or implicit waiver) decisions is compelling. In effect, defendants have themselves attempted to obtain the kind of one-way relief that they profess to be so concerned about the absent class members getting. Instead of insisting on prejudgment notice, defendants sat on their hands hoping to obtain a favorable judgment on the merits. Now that they have failed so abysmally, they attempt to deny this Court's ability to ground a damage award on that judgment. There is not the slightest doubt that defendants would have made no such protestations had the liability judgment come out differently.
>
> . . . . To allow defendants to defeat the class members' damage claims on the ground they now advance would make a mockery of the tortuous proceedings in this case over the past nine years.

*Williams v. Lane*, 129 F.R.D. 636, 648-49 (N.D. Ill. 1990); *accord Alig v. Quicken Loans Inc.*, No. 5:12-CV-114, 2016 WL 10490288, at *7 (N.D. W. Va. Aug. 25, 2016) ("In this case, the defendants made no objection to the schedule established by this Court. Rather they lay in wait, hoping for a simultaneous decision on the motions or a decision that ruled upon the motion for summary judgment first. This constitutes a waiver of any objection to the ruling.").

Here, Defendant agreed to the chronology of procedure from which this Court's summary judgment and class certification-related decisions resulted. *See* Docs. 12, 12-1. And at no point prior to filing its motion to reconsider this Court's ruling on class certification did Defendant raise

8

a concern about this Court's consideration of Plaintiff's motion for summary judgment prior to deciding the class certification issue. *See generally* Docs. 1-138. In fact, Defendant—before this Court ruled on class certification—submitted six separate filings regarding the merits of Plaintiff's claims, none of which included a suggestion that this Court should rule on class certification before it ruled on Plaintiff's motion for summary judgment. *See* Docs. 92, 101, 113, 119, 125, 129. So, again, Defendant waived its right to assert the one-way intervention doctrine as a bar to class certification in this matter.

### B. Notwithstanding, Defendant's argument regarding one-way intervention fails both as a matter of law and fact.

Relying on the one-way intervention doctrine, Defendant argues that this Court should reconsider its ruling granting Plaintiff's motion for class certification:

> In the instant case, BCA has been prejudiced by the Court's determination of the merits of the case prior to ruling on class certification. Specifically, class members have no risk exposure regardless of whether they decide to remain in the class or opt out. Those choosing to remain in the class are guaranteed a favorable result based on the Court's prior determination of the merits. . . .
>
> \*       \*       \*
>
> The Court's failure to comply with Rule 23(c)(2)'s requirement that class certification be determined prior to a decision on the merits mandates class certification be denied. . . .

Doc. 139 at 6.

But Defendant is wrong, both as a matter of law and fact. First—as a matter of law—contrary to Defendant's unqualified statement that there exists in Rule 23 a "requirement that class certification be determined prior to a decision on the merits," *id.*, "[n]either Fed. R. Civ. P. 23 nor due process necessarily requires that the district court rule on class certification before granting or denying a motion for summary judgment." *Wright*, 742 F.2d at 545. In fact, "[t]he history of Rule 23 . . . shows that its framers considered and rejected a provision imposing just such a

9

requirement." *Id*. at 543. Instead, as it currently reads, Rule 23 "avoids a mechanical approach and calls upon judges to weigh the particular circumstances of particular cases and decide concretely what will work," and "leaves much room for discretion." *Id*. In other words, "the timing provision of Rule 23 is not absolute. Under the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Id*. at 543-44; *see also Thornton*, 13 F. Supp. 2d at 1289 ("the vast majority of courts have held that dispositive motions may be considered prior to ruling on a motion for class certification").[2] Not surprising, then, is the Eleventh Circuit's statement that it is "within the court's discretion to consider the merits of the claims before their amenability to class certification." *Kehoe*, 421 F.3d at 1211 (collecting cases); *see also Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000) (same).

Second—as a matter of fact—Defendant's statements that "class members have no risk exposure regardless of whether they decide to remain in the class or opt out," and that "[t]hose choosing to remain in the class are guaranteed a favorable result based on the Court's prior determination of the merits," Doc. 139 at 6, are not true. To start, this Court granted Plaintiff summary judgment only as to her individual TCPA claim. It did not grant summary judgment as to class members' claims. *See* Doc. 124 at 3, 5 n.1. Nor could it have, given that no class was

---

[2]   *Accord Floyd v. Bowen*, 833 F.2d 529, 534 (5th Cir. 1987) ("The timing requirements of Rule 23, however, are not absolute. Professor Wright explains that '[t]he court always is empowered to make a determination on the merits irrespective of the denomination of the suit as a class action . . . .'"); *Richards v. Direct Energy Servs., LLC*, 246 F. Supp. 3d 538, 560 (D. Conn. 2017) ("The Federal Rules of Civil Procedure provide that a district court must rule on the issue of class certification '[a]t an early practicable time after a person sues or is sued as a class representative.' Fed. R. Civ. P. 23(c)(1). This provision affords district courts with flexibility when presented with both a dispositive motion and a motion for class certification."); *Encarnacion v. Astrue*, 491 F. Supp. 2d 453, 459 (S.D.N.Y. 2007) (stating that a district court may reserve its decision on a class certification motion until the disposition of a motion for summary judgment), *aff'd*, 568 F.3d 72 (2d Cir. 2009).

certified when this Court granted Plaintiff's motion for summary judgment, and that "federal courts may only adjudicate the rights of putative class members upon certification of that class under Federal Rule of Civil Procedure 23." *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006); *accord Pharo v. Smith*, 621 F.2d 656, 664 (5th Cir. 1980) ("Without certification, no final decision could be binding on a class such as the one that is purported to exist in this case."), *on reh'g in part*, 625 F.2d 1226 (5th Cir. 1980).

As well, this Court's order granting class certification not only restates that Plaintiff's motion for summary judgment "deals only with her individual claim," Doc. 124 at 5 n.1, but also highlights Defendant's right to contest class members' claims at trial: "Given that BCA maintains that it 'only dials telephone numbers provided by patients' to its healthcare companies [ECF No. 82, p. 3], then, at trial, BCA will likely argue that it had consent to call *all* such patients." Doc. 134 at 38. Correspondingly, this Court confirmed that no damages had been awarded to class members. *Id*. at 41-42.

All of this, of course, means that the Supreme Court's concern in *Am. Pipe & Constr. Co. v. Utah*—that "members of the claimed class could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests[,]" 414 U.S. 538, 547 (1974)—is not relevant here.[3] Because, as previously noted, no damages have been awarded to class members; judgment has not been entered in favor of class members; a trial on class members' claims has not yet taken place; Defendant will have the opportunity not only to contest class members' claims during the yet-to-be held trial, but

---

[3] The Eleventh Circuit's reference to the one-way intervention doctrine in *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1252 (11th Cir. 2003), is largely limited to a truncated quotation from *Am. Pipe & Constr. Co.* Also, the court in *London* concluded its four-sentence discussion of the one-way intervention doctrine by stating: "Because we reverse the district court's grant of class certification on other grounds, we need not address this issue." *Id*. at 1253.

also to subsequently challenge individual claims to class membership in the event of a finding of class-wide liability; and class members will have to decide whether to remain part of this matter well before their claims are tried.[4]

In sum, Defendant's stated concern is not only factually unsupported, but it is also "largely theoretical[,] [as] [t]here does not appear to be a large group of potential plaintiffs waiting on the sidelines to see if Plaintiffs succeed on the merits before deciding to participate in this class action." *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2015 WL 11216720, at *1 (S.D. Fla. May 29, 2015).[5] It is also a far cry from the concern the Supreme Court referenced in *Am. Pipe & Constr. Co.*: the use of a class action as a consequence-free "invitation to joinder," as opposed to a "truly representative suit" in which "class members retain the option to participate in or withdraw from the class action only until a point in the litigation 'as soon as practicable after the commencement' of the action when the suit is allowed to continue as a class action and they are sent notice of their inclusion within the confines of the class." *Id*. at 764-65.

---

[4] Further, that Plaintiff filed her motion for class certification approximately three months prior to moving for summary judgment obviates some of the policy considerations related to the one-way intervention doctrine. Specifically, the argument that class members would strategically "sit on the sidelines while the merits of a class action are decided," Doc. 139 at 3, lacks force here given that—based on the timing of Plaintiff's submissions—class members had no basis to presume that summary judgment would be awarded in Plaintiff's favor before the class was certified. Thus, certain gamesmanship that the one-way intervention doctrine seeks to prevent is a non-issue here.

[5] Although Defendant cites the decision in *Alhassid* as purported support for its argument regarding one-way intervention, *see* Doc. 139 at 4-5, while the court in *Alhassid* made a decision to rule on class certification before summary judgment—citing, in part, the "promot[ion] of judicial efficiency," 2015 WL 11216720 at *1—it did not opine that ruling on a plaintiff's individual motion for summary judgment prior to ruling on the plaintiff's motion for class certification was categorically improper.

### C. Even if meaningful one-way intervention-related concerns existed here—they do not—proper notice to class members can alleviate such concerns.

Prejudice potentially caused by the one-way intervention doctrine may be remedied by proper notice to class members. For example, addressing the defendant's argument that "the Court's determination of liability prior to the notice and opt-out period violates Rule 23's policy against one-way intervention," the court in *Barfield* referenced how proper notice to class members can alleviate issues potentially stemming from one-way intervention:

> Further, Plaintiffs' proposed notice will not unduly prejudice the Sho–Me Defendants. The Detailed Notice states, for example, that "The Court has already made a decision that Defendants have trespassed on certain landowners land and that Defendants were unjustly enriched but the Court has not decided the amount of any damages." The Notice does not give specifics of the liability determination and makes it clear in multiple places that Class Members may not be entitled to any money at all. The Detailed Notice also states no damages determination has been made and that Plaintiffs' damage calculation method is disputed by Defendants. Accordingly, Plaintiffs' mention of the Court's liability determination in their proposed Short–Form and Detailed Notices complies with the requirements of Rule 23(c)(2).

2014 WL 1955107, at *3.

Significantly, Plaintiff's proposed notice provides similarly appropriate warnings to class members here. *See* Docs. 142-1, 142-2, 142-3. Moreover, in *Postow*, the D.C. Circuit "suggested that the fact that the postjudgment notice that was subsequently sent to class members did not disclose that plaintiff had already obtained a favorable judgment was an additional 'equitable reason [ ]' for deviating from the rule against one-way intervention." *Williams*, 129 F.R.D. at 648 (quoting *Postow*, 627 F.2d at 1383). And should this Court deem it appropriate, Plaintiff's proposed notice to class members can be modified to remove any reference to the liability determination in favor of Plaintiff.

**II.    Defendant's request that this Court accept arguments that it already rejected has no basis in law.**

Finally, "it is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through—rightly or wrongly." *White v. De La Osa*, No. 07-23381-CIV, 2012 WL 266427, at *2 (S.D. Fla. Jan. 30, 2012) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). And since "a motion for reconsideration cannot be used to advance arguments already rejected by the court," *DePass v. Unum*, No. 10-23612-CIV, 2012 WL 135394, at *1 (S.D. Fla. Jan. 17, 2012), this Court should deny Defendant's motion as it relates to its remaining arguments. *See* Doc. 139 at 7-20.

In particular, not only did Defendant extensively brief issues regarding ascertainability, B-flags, WN-codes, Ms. Verkhovskaya's relevant methodology, Mr. Kostyun's report, and related issues, *see generally* Docs. 82, 83, 90, 98, 100, 116, but this Court entered a comprehensive forty-seven-page order addressing each of them, and more. *See* Doc. 134. As a result, Defendant's request that this Court accept what it already rejected is improper, and this Court should deny Defendant's request.

## Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant's motion for reconsideration.

Dated: July 18, 2018

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Class counsel*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on July 18, 2018, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Aaron D. Radbil*
Aaron D. Radbil