UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:16-cv-24077-CIV-GOODMAN
[CONSENT CASE]

ESTRELLITA REYES, on behalf of
herself and others similarly situated,

    Plaintiff,

vs.

BCA FINANCIAL SERVICES, INC.,

    Defendant.
_____/

**JOINT MOTION TO DECERTIFY CLASS, VACATE RULING ON SUMMARY JUDGMENT, AND DISMISS CASE WITH PREJUDICE AS TO PLAINTIFF AND WITHOUT PREJUDICE AS TO CLASS MEMBERS**

Estrellita Reyes ("Plaintiff") and BCA Financial Services, Inc. ("BCA") (collectively, the "Parties"), pursuant to Federal Rules of Civil Procedure 23(c)(1)(C) and 41(a)(2), respectfully request that this Court decertify the class, ECF No. 134, vacate its ruling on summary judgment, ECF No. 124, and dismiss this case with prejudice as to Plaintiff and without prejudice as to class members, for the reasons set forth below:

1. This case has been pending since September 23, 2016. Since the inception of the case, BCA has consistently defended the case on two grounds: First, that the computer assisted telephony it has used does not meet the Telephone Consumer Protection Act ("TCPA") definition of an automatic telephone dialing system ("ATDS") and second, that there are no other known or identifiable plaintiffs.

2. Concurrently, Plaintiff has urged this Court to determine that the telephony BCA uses does meet the TCPA's "ATDS" definition and further that assigning a "B" flag to a

particular number serves as a reliable indicator of potential additional plaintiffs. The parties have consistently maintained their respective positions throughout this litigation. As a result, despite good faith efforts to mediate on three occasions the parties' positions have not been reconcilable.

3. On July 10, 2019, this Court stayed this case pending rulings that clarify the definition of an ATDS under the TCPA—a central question at issue in this litigation. ECF No. 200. At the same time, and "given that this case is stayed," the Court directed Plaintiff not to issue class notice. *Id*.

4. On January 27, 2020, the Eleventh Circuit issued its opinion in *Glasser v. Hilton Grand Vacations Co., LLC* and *Evans v. Pa. Higher Ed. Assistance Agency*, 948 F.3d 1301 (11th Cir. 2020). In short, the court held that to qualify as an ATDS under the TCPA, the dialing equipment at issue must (1) store telephone numbers using a random or sequential number generator and dial them, or (2) produce such numbers using a random or sequential number generator and dial them. *Id*. at 1306.

5. At the same time, the Eleventh Circuit also found that the D.C. Circuit Court of Appeals, through *ACA Int'l v. FCC*, 885 F.3d 687, 702–703 (D.C. Cir. 2018), set aside all previous orders from the FCC which held that predictive dialers are ATDSs under the TCPA. *See Glasser*, 948 F.3d at 1310 (noting that the D.C. Circuit "wiped the slate clean.").

6. As a result of the Eleventh Circuit's interpretation of the TCPA, in combination with BCA's continued insistence that the certified class[1] contains few, if any members besides Plaintiff (a/k/a Ms. Vasquez), Plaintiff no longer believes class certification is in the best interests of class members or the superior method to adjudicate this controversy.

---

[1] *See* ECF No. 134.

7. Accordingly, and as a result of continuing negotiations overseen by mediator Steven Jaffe, Esq. of Upchurch Watson White & Max Mediation Group, Inc., the parties jointly bring this motion to decertify the class pursuant to Fed. R. Civ. P. 23(c)(1)(C), which allows a court to decertify a class at any time prior to final judgment. *See Muzuco v. Re$ubmitit, LLC*, 297 F.R.D. 504, 514 (S.D. Fla. 2013) (Scola, Jr., J.) (explaining that an order that grants or denies class certification may be altered or amended before final judgment).

8. Under Rule 2(c)(1)(C), district courts have broad discretion to revisit the issue of class certification at any time before entering final judgment. *Culpepper v. Irwin Mortg. Corp.*, 491 F.3d 1260, 1275 (11th Cir. 2007); *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1254 (11th Cir. 2006) ("Importantly, Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at *any* time prior to a decision on the merits.") (internal citations and quotations omitted); *see also Smith v. Ga. Energy USA, LLC*, 259 F.R.D. 684, 697 (S.D. Ga. 2009) ("Certification of this class is provisional, and the Court may create additional subclasses, or decertify the class, at any time before final judgment, if subsequent developments so require.") (*citing* Fed. R. Civ. P. 23(c)(1)(C)).   It is the parties' joint position that subsequent developments so require in this instance.

9. District courts have suggested that revisiting the class certification issue is appropriate "if subsequent developments so require," upon a showing of "new evidence or some other appropriate ground," or a demonstration of "changed circumstances." *See Smith*, 259 F.R.D. at 697.

10. The determination of whether a predictive dialer is considered an ATDS was challenged in the 2015 case, *ACA Int'l, et al v. Federal Communications Commission*, No. 15-1211 (D.C. Cir.). At issue in *ACA Int'l*, among other things, was the FCC's final order

interpreting the meaning of ATDS under the TCPA. The *ACA Int'l* court held that the FCC's functionality explanation was inadequate because it offered competing interpretations regarding "whether a device must *itself* have the ability to generate random or sequential telephone numbers to be dialed," or whether it was "enough if the device can call from a database of telephone numbers generated elsewhere." *Id.* at 701.

11. In 2018, the Third Circuit was the first appellate court to offer additional analysis following the D.C. Circuit's opinion in *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119 (3d Cir. 2018). Tracking the discussion in *ACA Int'l*, the Third Circuit held a device qualifies as an ATDS when it has "the present capacity to function as an auto-dialer by generating random or sequential telephone numbers and dialing those numbers." *Id.* at 121.

12. Next, the Second Circuit issued an opinion a few days following the *Dominguez* case in *King v. Time Warner Cable Inc.*, 894 F.3d 473, 477 (2d Cir. 2018). In *King*, the Second Circuit stated it was persuaded by the reasoning in *ACA Int'l* that an interpretation of "capacity" to include a device's potential functionalities after modification "extends the statute too far." *Id.* Instead, the Second Circuit "agree[d] with the D.C. Circuit that the term 'capacity' is best understood to refer to the functions a device is currently able to perform." *Id.*

13. The Ninth Circuit, on the other hand, has taken a different view. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018), *cert. dismissed,* No. 18-995, 2019 WL 368840 (U.S. Feb. 27, 2019). There, the Ninth Circuit held that an ATDS includes "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person).").

14. Since July 2019, this Court stayed the underlying case pending either the FCC's

4

action to define an ATDS and/or an opinion from the Eleventh Circuit in *Glasser v. Hilton Grand Vacations Co., LLC*.

15. On January 27, 2020, the Eleventh Circuit in *Glasser* resolved two consolidated district court appeals involving unwanted calls that were purportedly made using ATDSs.

16. Determining where it stood among the split, the Eleventh Circuit held a device is **not** an ATDS if does not (1) store telephone numbers using a random or sequential number generator and dial them, or (2) produce such numbers using a random or sequential number generator and dial them. *Id*. at 1306.

17. Given that *Glasser* is binding on this Court and given the facts and circumstances of this case,[2] it does not appear to be in the best interests of class members to proceed to a decision on the merits here.

18. Following *Glasser*, the Seventh Circuit, on February 19, 2020, sided with the Eleventh Circuit when it held that, to be an ATDS, a device must have the "capacity to generate random or sequential numbers." *Gadelhak v. AT&T Servs., Inc.*, __F.3d __, No. 19-1738, 2020 WL 808270, *8 (7th Cir. Feb. 19, 2020).

19. In *Gadelhak*, the Court held:

> The district court held that AT&T's system did not qualify as an "automatic telephone dialing system" because it lacked the capacity to generate random or sequential numbers. Although we adopt a different interpretation of the statute, under our reading, too, the capacity to generate random or sequential numbers is necessary to the statutory definition.

20. Plaintiff contends that because potential class members are dispersed throughout the country, including in states within the Ninth Circuit where a different definition of ATDS

---

[2] BCA has continually taken the position that the class contains few, if any, members and does not satisfy the numerosity requirement of Rule 23(a), which BCA contends provides, in addition to ascertainability issues, a separate basis for decertification.

controls, class members residing in other jurisdictions may be best served having their claims heard elsewhere, and thus decertification is appropriate under these circumstances. *See Pritchard v. Cty. of Erie*, No. 04-CV-534-A, 2018 WL 1036165, at *8 (W.D.N.Y. Feb. 23, 2018) ("Thus, an intervening change in the law provides a basis to decertify when, had the law been different at the time of certification, certification would not have been appropriate.").

21.     Moreover, decertification of the class would not prejudice any members because notice of class certification has yet to be provided. *See Benavides v. Serenity Spa NY Inc.*, No. 15-CV-9189 (JLC), 2018 WL 2383144, at *3 (S.D.N.Y. May 25, 2018) (granting joint motion to decertify class where "the parties have yet to even mail out Rule 23 notices to potential class members; as the parties point out, "class members have not yet received notice of the class certification and are therefore not reliant on this litigation to protect their rights or toll their statute of limitations.") (internal citation omitted); *Sharf v. Fin. Asset Resolution, LLC*, No. 13-cv-61615-JIC, Doc. 43 at 2 (S.D. Fla. Mar. 3, 2014) (Cohn, J.) ("Moreover, because class notices have yet to be provided, no class members will suffer any prejudice from the decertification. Thus, the Court will grant the Motion, decertify the classes, and dismiss this action pursuant to the parties' individual settlement."); *Headlee v. Wolford*, No. CV 109-092, 2012 U.S. Dist. LEXIS 44257, at *2-*3 (S.D. Ga. March 29, 2012) (decertifying class upon the parties' joint motion and holding that "because notice of class certification has not yet been provided, decertification will not prejudice members of the certified class.").

22.     Plaintiff submits that, after decertification, class members would retain their rights to initiate claims against BCA and would not have any of their claims released or otherwise precluded through this action.  BCA denies it has any liability whatsoever to Plaintiff or class members, and should any class members assert their own individual TCPA claims against BCA

in the future, BCA reserves its right to defend against any such actions in full and to assert any and all defenses available to it.

23. Plaintiff further submits that absent class members' claims were tolled throughout the pendency of this case and thus class members would return to the same standing as before the commencement of this action. *See Benavides*, 2018 WL 2383144, at *3 ("In addition, potential class members are unlikely to be prejudiced by decertification because their class claims have been tolled through the date of this Opinion and Order."); *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC) (SN), 2017 WL 1434498, at *1 (S.D.N.Y. Apr. 19, 2017) ("In Rule 23 class actions and § 216(b) collective actions, the statute of limitations resumes after a court's determination to decertify a class."); *Morano v. Intercontinental Capital Grp., Inc.*, No. 10-CV-02192 (KBF), 2012 WL 2952893, at *9 (S.D.N.Y. July 17, 2012) (granting motion for decertification and noting that "the statute of limitations has been tolled for [plaintiffs'] claims between the filing of the original complaint and the filing of this Order"). Thus, potential class members can bring individual actions against BCA should they desire to do so. Again, BCA denies any liability whatsoever to class members, if any, and reserves its right to challenge any future claims against it in full.

24. Moreover, decertification would allow the Parties to bring this case to a conclusion. No claims by members of the class, other than Plaintiff, would be released.

25. Finally, because the Eleventh Circuit determined that the FCC's prior orders that predictive dialers are ATDSs under the TCPA are no longer valid, *see Glasser*, 948 F.3d at 1310, the parties respectfully request that this Court vacate its May 14, 2018 order on Plaintiff's motion for summary judgment. ECF No. 124. In short, the Eleventh Circuit's holding in *Glasser* in this regard is at odds with this Court's finding that the FCC's 2003 and 2008 orders remain valid as

they pertain to whether predictive dialers like the one BCA used constitute ATDSs. *See* ECF No. 124 at 25 ("So the *ACA International* case has given the Court considerable pause. But the Court finds that the prior FCC Orders are still binding. Therefore, the *ACA International* case does not change the Court's conclusion on the ATDS issue.").

26. BCA, relying upon a sworn declaration and confirmation from the manufacturer of the Noble dialer itself regarding its technical capabilities (or lack of capabilities), insists that under *Glasser*, its Noble dialer is not an ATDS because it lacks the capacity to randomly or sequentially generate numbers.[3] Plaintiff does not concede that the Noble dialer is not an ATDS.[4]

27. In any event, the Parties do not ask this Court to enter judgment in favor of either party, but rather agree that it is appropriate to partially vacate its May 14, 2018 order to the extent that the Court granted summary judgment finding BCA was liable to the Plaintiff, on an individual basis under the TCPA. ECF No. 124 at 4.

28. In its Order, the Court stated "*First, the Court* **grants** *summary judgment in Reyes' favor on the ATDS issue because the Noble predictive dialer, as BCA Financial uses it, is an ATDS under the TCPA.*" ECF No. 124 at 4. To this extent, the Parties request the Court to

---

[3] *See* BCA Supplemental Response in Opposition to Plaintiff's Motion for Summary Judgment with attached Declarations from Noble's technology chief himself confirming the equipment is not an ATDS. ECF Nos. 119, 120.

[4] On February 23, 2018, BCA, by and through counsel, served its opposition to Plaintiff's motion for summary judgment and argued that Plaintiff presented no evidence that BCA utilized an ATDS when placing calls to Plaintiff's cellular telephone. *See* DE 92, pages 5-9. On March 19, 2018, BCA filed its Notice of Supplemental Authority citing the decision in *ACA Int'l.* issued on March 16, 2018 with an attached copy of the opinion in support of its opposition to Plaintiff's Motion for Summary Judgment. [DE 101] On May 29, 2018, BCA filed a motion for reconsideration of the Order arguing that the court erred in concluding that *ACA Int'l* preserved the FCC's interpretation a predictive dialer is an ATDS. [DE 125] On June 8, 2018, the court denied BCA's motion to certify the ATDS question to the Eleventh Circuit. [DE 133]

vacate this finding of fact and conclusion of law and vacate the order which grants summary judgment against BCA on this issue.[5]

WHEREFORE, the Parties respectfully request that this Court (1) decertify the class pursuant to Fed. R. Civ. P. 23(c)(1)(C), (2) vacate its ruling on Plaintiff's motion for summary judgment, and (3) dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2) with prejudice as to Plaintiff and without prejudice as to class members, with each party to bear its own attorneys' fees and costs.

Dated this 18th day of March, 2020.

Respectfully submitted,

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff*

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No. 110108
SKohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone: (407) 622-1772
Facsimile: (407) 622-1884

Dale T. Golden, Esq.
Florida Bar No. 0094080
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
Tel: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com

*Counsel for Defendant*

---

[5] Of note, this Court did not "grant[] a final judgment on the merits in this case." ECF No. 166 at 10.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed via the Court's ECF system on March 18, 2020, which will provide notice to all counsel of record.

|  |  |
|---|---|
| By: | */s/ Michael L. Greenwald* |
|  | Michael L. Greenwald |